UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CHRISTOPHER W. KALINSKI,                                    Civil Action No.:
*on behalf of himself and others similarly situated*,
                                    Plaintiff,              29 U.S.C. §216(b)
                                                           COLLECTIVE ACTION & FED.
                                                           R. CIV. P. 23 CLASS ACTION

                  -against-                                **VERIFIED COMPLAINT**

DUTCHESS SCHOOL OF DRIVING, INC.                           **DEMAND FOR JURY TRIAL**
ISA MARINARO, MARIA DOMINIJANNI,
and JOHN DOES as the top 10 shareholders of
DUTCHESS SCHOOL OF DRIVING, INC.,

                                    Defendants.
------------------------------------------------------------X

Plaintiff Christopher Kalinski, on behalf of himself and others similarly situated, by and through his attorney, Jennifer S. Echevarria, Esq., hereby complains of the Defendants as follows:

## THE PARTIES

1.      At all relevant times herein, Plaintiff Christopher W. Kalinski ("Plaintiff" or "Plaintiff Kalinski") maintained a residence in the Town of Wappingers Falls, County of Dutchess, State of New York.

2.      At all relevant times herein, Defendant Dutchess School of Driving, Inc. (hereinafter "The School"), was and is a domestic business corporation organized under the laws of the State of New York with a principal place of business at 653 Route 82, Hopewell Junction, County of Dutchess, State of New York.

3.      The School is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

4.      At all times relevant herein, The School purchased and handled goods moved in interstate or foreign commerce, including motor vehicles and gasoline.

5.      At all relevant times herein, upon information and belief, Defendant Isa Marinaro was part owner and manager of The School.

6.      At all relevant times herein, upon information and belief, Defendant Maria Dominijanni was part owner and manager of The School.

7.      At all relevant times herein, upon information and belief, Defendants Isa Marinaro and Maria Dominijanni were two of the top ten largest shareholders of The School.

8.      At all relevant times herein, Defendants John Does, whose identities are presently unknown, were the other top 10 largest shareholders of The School.

9.      Defendants The School, Isa Marinaro, and Maria Dominijanni, and the John Does identified in Paragraph "8" (jointly the "Defendants"), were Plaintiff's employers as that term is defined by the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYSLL").

10.     Starting on or about October 31, 2021, until May 12, 2023, Defendants employed Plaintiff as a driving instructor at The School.

11.     At all relevant times herein, Defendants hired, fired, supervised, controlled, paid, and maintained employee records for Plaintiff.

12.     As described below, Defendants acted intentionally and maliciously to deprive Plaintiff and other employees similarly situated of their overtime wages and ultimately terminated Plaintiff Kalinski in retaliation for complaining of same.

## JURISDICTION AND VENUE

13.    Jurisdiction is appropriate under 28 U.S.C. §1331 as this action pertains to violations of Federal Law, to wit, the FLSA at 29 USC 201, *et seq.*, as well as violations of the NYSLL, which can be heard by this Court pursuant to 28 U.S.C. §1367(a).

14.    Venue is based on Defendants' the place of business, the place where the acts and occurrences complained of herein occurred, and Plaintiff's residence, and is appropriate in this District pursuant to 28 U.S.C. §§ 112(b) and 1391(b) and (c).

## STATEMENT OF FACTS

### *Introduction*

15.    Defendants committed the acts described below knowingly, intentionally, willfully, and maliciously against Plaintiff and other, similarly situated employees.

16.    At all times relevant herein, Defendants knowingly, willfully and maliciously failed to pay Plaintiff Kalinski and similarly situated employees their overtime wages, paying incorrect overtime rates and paying them bi-weekly instead of weekly to avoid having to pay overtime.

17.    Defendants intentionally failed to pay Plaintiff and similarly situated employees properly and timely as evidenced by their refusal to provide wage notices and statements required by NYSLL Sections 195(1) and (3).

18.    Defendants failed to provide Plaintiff and similarly situated employees with paid sick leave, as required by NYSLL.

19.    When Plaintiff persistently demanded that his unpaid overtime wages be paid, Defendants terminated him.

*Facts*

20.    Plaintiff Kalinski began to work for Defendants in or around October 31, 2021, when he was hired by Defendant Marinaro as a driving instructor.

21.    At the time of hiring, Plaintiff was told that he would be paid $15.00 per hour for his travel time and $27.00 per hour for time providing driving instruction, which was later (on or about August 30, 2022) increased to $30.00 per hour.

22.    At the time of hiring, Plaintiff did not receive a notice in writing as to what his regular and overtime rates would be.

23.    As a driving instructor, over 25% of Plaintiff's work responsibilities included manual labor such as driving from one client's location to another, operating the brakes on the vehicle while the customers were driving, getting into and out of the driver's side of the vehicle in between customers, cleaning the snow off of the cars in the winter (and shoveling them out of the snow when necessary), taking the cars to get oil changes, and filling the vehicles' tanks with gasoline.

24.    As a manual laborer as that term is defined under the NYSLL, Plaintiff was required to be paid every week under NYSLL §191.

25.    Instead, Plaintiff was paid every two weeks, which made it difficult to keep track of his overtime hours and to make sure he was paid properly for overtime.

26.    When Plaintiff was paid for overtime, his standard overtime rate was stated on his paystubs as $22.50 rather than a proper weighted average which should have been between approximately $36.00 to $39.77 per hour depending on the hours worked at each rate in each particular week.

27.    Starting around February 2023, Plaintiff began to voice his concerns about the improper overtime rate with Defendant Marinaro, telling her that the rate was incorrect and that he was owed overtime pay.

28.    On May 5, 2023, Plaintiff received an email from Defendants' payroll company finally admitting that they had made a mistake calculating Plaintiff's overtime rate for the past year and advising that they were issuing him a check for $453.29, which had been processed on May 1, 2023, to account for the wages owed to him.

29.    Neither the payroll company's email nor the paystub accompanying the check for $453.29, explained how the amount had been calculated and just characterized it as a "miscellaneous reimbursement."

30.    Plaintiff objected to both Defendants Marinaro and Dominijanni that the payment was insufficient and that he wanted a breakdown of how the $453.29 had been calculated.

31.    On May 12, 2023, Plaintiff attempted to speak with Defendant Marinaro about the incorrect overtime rates and the check for $453.29; she responded by yelling at him and slapping the paper he was holding out of his hands.  Plaintiff felt threatened, offended, and that he was being treated disrespectfully, so he left.

32.    Approximately three hours later, Defendant Marinaro called Plaintiff and, instead of apologizing, she advised him that he was being terminated, effective immediately.

33.    On May 19, 2023, Plaintiff was told to pick up his termination letter, which letter (dated May 12, 2023) admitted to the mistake regarding Plaintiff's overtime, acknowledged that Plaintiff had objected to the payment they had offered to cover the unpaid overtime, and claimed that he was being terminated for abandoning his job duties on May 12, 2023.

34.    Upon information and belief, Defendants' other employees were also not paid the proper overtime calculated as the weighted average of their multiple rates of pay each week, they were similarly deprived overtime by Defendants' faulty time keeping and bi-weekly payroll cycle, and they were not provided with the notices and statements required under NYSLL §§195 (1) and (3).

### *Collective Action Allegations*

35.    Plaintiff Kalinski brings his claims individually and on behalf of all other current and former exempt and non-exempt workers employed by Defendants over the three years preceding the filing of this Complaint, through the entry of judgment in this case (the "Collective").

### *Class Allegations*

36.    Plaintiff Kalinski also brings his claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all other current and former exempt and non-exempt workers employed by Defendants over the six years preceding the filing of this Complaint, through entry of judgment in this case (the "Class").

37.    The Class members are readily ascertainable.  The Class members' names, phone numbers, addresses, positions held, hours assigned and worked, and rates of pay are determinable from Defendants' records.  Notice can be provided by means permissible under Rule 23.

Numerosity

38.    The Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

39.    Although the precise number of such persons is unknown, and the facts on which the calculation of the precise numbers are presently within the sole control of Defendants, upon information and belief, there are more than 40 members of the Class.

Commonality

40.     There are questions of law and fact common to the Class which predominate over any questions affecting individual members, including: 1) whether Defendants employed the Collective and/or the Class members within the meaning of Federal and NY law; 2) whether the Class members were paid every week; 3) whether the Class members were paid for overtime worked; 4) whether the Class members were paid the proper overtime rates; and 5) whether the Class members were given proper and accurate wage notices and statements as required by Labor Law Section 195(1) and (3).

Typicality

41.     Plaintiff Kalinski's claims are typical of those claims which could be alleged by any Class member, and the relief sought is typical of the relief that would be sought by any Class member in a separate action.

42.     All the Class members were subject to the same policy and practice of not paying employees timely and/or at the proper overtime rates, and not being provided accurate wage notices and statements.

43.     Defendants' policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member.

44.     Plaintiff Kalinski and the other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies and practices.

Adequacy

45.     Plaintiff Kalinski is fairly and adequately able to protect the interests of the Class and has no interests antagonistic to the Class.

46.    Plaintiff Kalinski is represented by an attorney who is experienced and competent in representing plaintiffs in wage and hour employment litigations.

<u>Superiority</u>

47.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant.

48.    Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.

49.    Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.

50.    Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; treating the claims as a class action would result in a significant saving of these costs.

51.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests though actions to which they were not parties.

52.    The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

53.    Upon information and belief, Defendants and other employers throughout the State violate the NYSLL and current employees are often afraid to assert their rights out of fear of direct or indirect retaliation; former employees are fearful of bringing claims because doing so can harm their future employment and efforts to secure employment.  Class actions provide class members who are not named in the Complaint with a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### FIRST CLAIM ON BEHALF OF PLAINTIFF, THE COLLECTIVE AND THE CLASS FOR FAILURE TO PAY OVERTIME WAGES UNDER FAIR LABOR STANDARDS ACT

54.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "53" as though fully set forth at length herein.

55.    Plaintiff was paid the incorrect overtime rate for each hour that he worked over forty (40) in one week as the overtime rate should have been calculated by determining the weighted average of the multiple rates that he worked each week based on the number of hours worked at each rate that week.

56.    Plaintiff was further deprived of overtime pay by the Defendants' record-keeping and bi-weekly payroll cycle, as whether he was paid overtime was determined by the total hours worked in a two-week period rather than a one-week period.

57.    Upon information and belief, the other drivers at The School are paid in the same incorrect way that Plaintiff was paid.

9

58.     Defendants violated the FLSA at 29 U.S.C. 207 and 215 by employing Plaintiff, the Collective and the Class, in an enterprise engaged in commerce for workweeks longer than those prescribed in FLSA Section 207 without compensating them for their employment in excess of forty (40) hours per week at a rate of not less than one- and one-half times the regular rate at which they were employed.

59.     Plaintiff Kalinksi has not previously initiated a complaint for the relief claimed herein before any other court.

60.     Therefore, Plaintiff demands, on behalf of himself, the Collective and the Class, payment of unpaid overtime compensation and an equal amount in liquidated damages under FLSA Section 216(b), prejudgment interest on said unpaid overtime compensation, attorney's fees, costs and disbursements, and such other and further relief that this Court deems just and proper.

### SECOND CLAIM ON BEHALF OF PLAINTIFF AND THE CLASS
### FOR FAILURE TO PAY OVERTIME WAGES
### UNDER NEW YORK STATE LABOR LAW

61.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "60" as though fully set forth at length herein.

62.     Plaintiff was paid the incorrect overtime rate for each hour that he worked over forty (40) in one week as the overtime rate should have been calculated by determining the weighted average of the multiple rates that he worked each week based on the number of hours worked at each rate that week.

63.     Plaintiff was further deprived of overtime pay by the Defendants' record-keeping and bi-weekly payroll cycle as whether he was paid overtime was determined by the total hours worked in a two-week period rather than a one-week period.

64.     Upon information and belief, the other drivers at The School are paid in the same incorrect way that Plaintiff was paid.

65.     Defendants willfully violated the New York State ("NYS") Minimum Wage Orders of the Commissioner of Labor of the NYS Department of Labor, at 12 NYCRR 142-2, by refusing to compensate Plaintiff and the Class a wage rate of one and one-half times their regular rates of pay for each hour that they worked over forty (40) hours in any given week.

66.     Plaintiff has not previously initiated a complaint for the relief claimed herein before any other court.

67.     Therefore, Plaintiff, on behalf of himself and the Class, demands payment of unpaid overtime compensation and an equal amount in liquidated damages under NYSLL Sections 198(1-a) and 663(1), prejudgment interest on said unpaid overtime compensation, attorney's fees, costs and disbursements, and such other and further relief that this Court deems just and proper.

**THIRD CLAIM ON BEHALF OF PLAINTIFF AND THE CLASS**
**FOR FAILURE TO PAY MANUAL WORKERS ON A WEEKLY BASIS**
**UNDER NEW YORK LABOR LAW SECTION 191(1)(a)**

68.     Plaintiff repeats and realleges each and every allegation stated or contained in Paragraphs "1" through "67" above as though fully set forth at length herein.

69.     As a driving instructor, over 25% of Plaintiff's work responsibilities included manual labor such as driving from one client to another, operating the brakes on the vehicle while the customers were driving, getting into and out of the driver's side of the vehicle in between customers, cleaning the snow off of the cars in the winter (and shoveling them out of the snow when necessary), bringing the cars to get oil changes, and filling the vehicle's tank with gasoline.

70.     As a manual laborer as that term is defined under the NYSLL, Plaintiff was required to be paid every week under NYSLL §191.

71.     Instead, Plaintiff was paid every two weeks and his overtime wages were calculated by the total hours worked every two weeks rather than every week, which resulted in a loss of wages to Plaintiff.

72.     Upon information and belief, the other drivers at The School are paid in the same incorrect way that Plaintiff was paid.

73.     Plaintiff has not previously initiated a complaint for the relief claimed herein before any other court.

74.     Therefore, Plaintiff, on behalf of himself and the Class, demands payment of unpaid overtime compensation and an equal amount in liquidated damages under NYSLL Sections 198(1-a) and 663(1), prejudgment interest on said unpaid overtime compensation, attorney's fees, costs and disbursements, and such other and further relief that this Court deems just and proper.

**FOURTH CLAIM ON BEHALF OF PLAINTIFF AND THE CLASS
FOR FAILURE TO PROVIDE PROPER WAGE NOTICES AS REQUIRED BY
NEW YORK LABOR LAW SECTION 195(1)**

75.     Plaintiff repeats and realleges each and every allegation stated or contained in Paragraphs "1" through "74" above as though fully set forth at length herein.

76.     Defendants failed to furnish to Plaintiff a notice, in writing, at the time of his hiring or any time thereafter, of his regular and overtime rates, as required by NYSLL §195(1).

77.     Upon information and belief, similarly situated employees at The School were also not provided with the required wage notices at the time of hire or any time thereafter.

78.     Plaintiff has not previously initiated a complaint for the relief claimed herein before any other court.

79.     Therefore, Plaintiff, on behalf of himself and the Class, demands payment of fifty dollars ($50.00) for each workday that the violations occurred up to five thousand dollars

($5,000.00) for each employee, together with costs and reasonable attorney's fees, as provided under NYSLL Section 198(1-b), and such other and further relief that this Court deems just and proper

### FIFTH CLAIM ON BEHALF OF PLAINTIFF AND THE CLASS
### FOR FAILURE TO PROVIDE PROPER WAGE STATEMENTS AS REQUIRED BY
### NEW YORK LABOR LAW SECTION 195(3)

80.     Plaintiff repeats and realleges each and every allegation stated or contained in Paragraphs "1" through "79" above as though fully set forth at length herein.

81.     NYSLL Section 195(3) requires that employers furnish employees with a statement with every payment of wages listing, among other things, the number of regular and overtime hours worked that period; the regular, overtime and prevailing wage rates; and the wages being paid that week.

82.     Defendants failed to furnish to Plaintiff a proper statement, as required by NYSLL §195(3), each time he was paid as the paystubs he received had the incorrect overtime rates and did not properly reflect his overtime hours worked per week.

83.     Upon information and belief, similarly situated employees at The School were also not provided with the required wage statements each time that they were paid.

84.     Plaintiff has not previously initiated a complaint for the relief claimed herein before any other court.

85.     Therefore, Plaintiff, on behalf of himself and the Class, demands payment of two hundred fifty dollars ($250.00) for each workday that the violations occurred up to five thousand dollars ($5,000.00) for each employee, together with costs and reasonable attorney's fees, as provided under NYSLL Section 198(1-d), and such other and further relief that this Court deems just and proper.

**SIXTH CLAIM BY PLAINTIFF KALINSKI**
**FOR RETALIATORY DISCHARGE**
**UNDER NEW YORK LABOR LAW SECTION 215**

86.     Plaintiff repeats and realleges each and every allegation stated or contained in Paragraphs "1" through "85" above as though fully set forth at length herein.

87.     Section 215(1)(a) of the NYSLL prohibits an employer from discharging or otherwise retaliating against an employee that has in good faith made a complaint to his employer that he reasonably believes the employer has violated provisions of the NYSLL; explicit reference to any section or provision in the NYSLL is not required.

88.     Section 215(2)(a) of the NYSLL provides that an aggrieved employee may bring a civil action against an employer that has so discharged and/or retaliated against him, within two years of the discharge and/or retaliation, and that said employee will be entitled to all appropriate relief including liquidated damages up to $20,000.00, payment of costs and reasonable attorney's fees associated with bringing the action, reinstatement with restoration of seniority or an award of front pay in lieu of reinstatement, and an award of lost compensation and damages.

89.     In this case, Plaintiff Kalinski complained to Defendants on several occasions that he was being paid improperly and was owed overtime wages, including on the day that he was terminated.

90.     Defendants' termination of Plaintiff was in retaliation for his complaint and therefore violates NYSLL.

91.     Plaintiff has not previously initiated a complaint for the relief claimed herein before any other court.

92.     Therefore, Plaintiff demands payment of $20,000.00 in liquidated damages, payment of costs and reasonable attorney's fees associated with bringing this action, an award of

front pay in lieu of reinstatement, an award of lost compensation and damages, and such other and further relief that this Court deems just and proper.

### SEVENTH CLAIM BY PLAINTIFF KALINSKI
### FOR FAILURE TO PROVIDE PAID SICK LEAVE
### UNDER NEW YORK LABOR LAW SECTION 196-b

93.    Plaintiff repeats and realleges each and every allegation stated or contained in Paragraphs "1" through "92" above as though fully set forth at length herein.

94.    At the time of Plaintiff's employment at The School, The School had 5-99 employees on its payroll.

95.    During his employment, Plaintiff took at least three (3) sick days during the pay periods of December 5, 2022 through December 18, 2022, and January 2, 2023 through January 15, 2023, and he was not paid for his time off.

96.    At the time that Plaintiff took sick leave, he had worked enough hours to accumulate paid sick time under the law, and he had not previously used any sick time since he began to work for Defendants on or around October 31, 2021.

97.    Plaintiff has not previously initiated a complaint for the relief claimed herein before any other court.

98.    Therefore, Plaintiff demands payment of wages for the dates that he took sick leave and was not compensated by Defendants, an equal amount in liquidated damages under NYSLL Sections 198(1-a) and 663(1), prejudgment interest on said unpaid regular wages, attorney's fees, costs and disbursements, and such other and further relief that this Court deems just and proper

### JURY DEMAND

99.    Plaintiff demands a trial by jury on all questions of fact.

**WHEREFORE**, Plaintiff, on behalf of himself and on behalf of the Collective and the Class, prays that this Honorable Court:

a. Accept jurisdiction over this matter;

b. Empanel a jury to fairly hear and decide this matter;

c. At the earliest practicable time give notice of this collective action, or authorizing Plaintiff to give notice of this collective action, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of the notice's issuance, been employed by Defendants as exempt and non-exempt hourly workers. Such notice shall inform such employees that this lawsuit has been filed, of the nature of this lawsuit, and of their right to join this lawsuit if they believe that they suffered wage theft at the hands of Defendants;

d. A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYSLL;

e. An injunction against Defendants, its owners, officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

f. An award of overtime wages for the hours Plaintiff, the Collective and the Class worked at incorrect overtime rates and/or were not compensated for overtime work;

g. An award of overtime pay due to each employee in the Class, including Plaintiff, for Defendants' failure to pay them each week instead of bi-weekly, resulting in improper calculation of overtime work;

h. An award of $5,000.00 to each employee in the Class, including Plaintiff, for Defendants' failure to provide them with the proper wage notices required by NYSLL 195(1)

i.   An award of $5,000.00 to each employee in the Class, including Plaintiff, for Defendants' failure to provide them with the proper wage statements required by NYSLL 195(3);

j.   An award to Plaintiff Kalinski of the maximum damages available under NYSLL Section 215 of $20,000.00 for his retaliatory discharge plus an award of front pay in lieu of reinstatement and an award of lost compensation and damages;

k.   An award to Plaintiff Kalinski of wages owed for three (3) sick days for which he took leave but was not paid by Defendants;

l.   An award of interest on the wages found to be owed, at the rate of nine percent per year from the date the wages were earned, pursuant to Section 5004 of the NY Civil Practice Law and Rules;

m.   An award of reasonable attorneys' fees;

n.   An award representing the costs and disbursements of this action; and

o.   Any other and further relief that this Court deems just and proper.


Dated: Warwick, New York
       August 13, 2023

                                    _____
                                    JENNIFER ECHEVARRIA (JE5544)
                                    Echevarria Law, PLLC
                                    *Attorney for Plaintiff, proposed FLSA*
                                    *Collective, and potential Class*
                                    P.O. Box 1053
                                    Warwick, New York 10990
                                    (T) 845-544-7644
                                    (E) Jennifer@EchevarriaLawPLLC.com

## **VERIFICATION**

STATE OF NEW YORK                )
                                 ) SS.:
COUNTY OF DUTCHESS               )

Christopher W. Kalinski, being duly sworn, says:

I am the Plaintiff in the action herein.

I have read the annexed Verified Complaint dated August 13, 2023, know the contents thereof and the same are true to my knowledge, except those matters therein which are alleged upon information and belief and as to those matters I believe them to be true.

_____
CHRISTOPHER W. KALINSKI

Sworn to before me this
14ᵗʰ day of August, 2023

_____
NOTARY PUBLIC

RICARDO F MENDES
Notary Public, State of New York
Commission No. 01ME6177155
Qualified in Dutchess County
Commission expires Nov. 13th, 2023

18

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER/MEMBER/PARTNER LIABILITY FOR SERVICES RENDERED

TO:    Isa Marinaro, Maria Dominijanni, and the rest of the top 10 shareholders of Dutchess School of Driving, Inc.

**PLEASE TAKE NOTICE** that, pursuant to the provisions of Section 630 of the Business Corporation Law of the State of New York, you are hereby notified that Christopher W. Kalinski and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as the top ten shareholders of Dutchess School of Driving, Inc., for all debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the said entity for services performed by them for the said entity within the 6 years preceding the date of this Notice and have expressly authorized the undersigned, as their attorneys, to make this demand on their behalf.

Dated: Warwick, New York
        August 13, 2023

JENNIFER ECHEVARRIA (JE5544)
Echevarria Law, PLLC
*Attorney for Plaintiff, proposed FLSA*
*Collective, and potential Class*
P.O. Box 1053
Warwick, New York 10990
(T) 845-544-7644
(E) Jennifer@EchevarriaLawPLLC.com

### DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES

TO:    Dutchess School of Driving, Inc.

PLEASE TAKE NOTICE that as Plaintiff Christopher W. Kalinski and others similarly situated as employees and former employees of the above entity intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of the State of New York, payments of debts, wages and/or salaries due and owing to them as laborers, servants, and/or employees of the above entity and have expressly authorized the undersigned, as their attorneys, to make this demand on their behalf;

PLAINTIFF HEREBY DEMANDS the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders of, members of, or partners in the above entity, and the corporate books and records of shareholders, and to make extracts therefrom on or about 5 days from receipt of this Notice.

Dated: Warwick, New York
      August _13_, 2023

JENNIFER ECHEVARRIA (JE5544)
Echevarria Law, PLLC
*Attorney for Plaintiff, proposed FLSA*
*Collective, and potential Class*
P.O. Box 1053
Warwick, New York 10990
(T) 845-544-7644
(E) Jennifer@EchevarriaLawPLLC.com

20

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendants take affirmative steps to preserve all recordings, data, documents, records, written communications and all other tangible things that relate to Plaintiff and his employment at Dutchess School of Driving, Inc., the events described in the Verified Complaint dated August ___, 2023, and any third party communications and/or records pertaining to Plaintiff or the claims or defenses raised in his Verified Complaint. Defendants are obligated to take steps to preserve such recordings, data, documents, records, written communication, and other tangible things; an adverse jury instruction may be given if it is found that Defendants neglected to preserve such documents in their possession, custody and/or control after receiving this Demand. This Demand shall not narrow the scope of any discovery demands nor of any independent document preservation obligation that may apply to Defendants.

Dated: Warwick, New York
      August 13, 2023

JENNIFER ECHEVARRIA (JE5544)
Echevarria Law, PLLC
*Attorney for Plaintiff, proposed FLSA*
*Collective, and potential Class*
P.O. Box 1053
Warwick, New York 10990
(T) 845-544-7644
(E) Jennifer@EchevarriaLawPLLC.com

21

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for ONE THIRD (1/3) of the amount awarded, or such other amount as the Court determines reasonable. All rights relating to attorney's fees have been assigned to counsel.

Dated: Warwick, New York
       August 13, 2023

JENNIFER ECHEVARRIA (JE5544)
Echevarria Law, PLLC
*Attorney for Plaintiff, proposed FLSA*
*Collective, and potential Class*
P.O. Box 1053
Warwick, New York 10990
(T) 845-544-7644
(E) Jennifer@EchevarriaLawPLLC.com