# Echevarria Law, PLLC

P.O.
Warwick

Jennifer S. Echevarria, Esq.*   Jennifer@Ec
*Admitted in NY, NJ, CT

> Application for a pre-motion conference granted. The conference will be held by telephone on March 12, 2024 at 9:30 a.m. At the time of the scheduled conference, all parties shall call the following number: (888) 398-2342; access code 3456831.
>
> SO ORDERED.
>
> _/s/ Philip M. Halpern_
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> March 6, 2024

Hon. Philip M. Halpern
Hon. Charles L. Brieant Jr.
Federal Building and Courthouse
300 Quarropas Street
White Plains, NY 10601

RE: Christopher W. Kalinski v. The Dutchess School of Driving, Inc., *et al*.
Case No.: 23-cv-08881 (PMH)
Joint Letter Regarding Discovery Dispute and Requesting Conference

Dear Judge Halpern:

This letter was jointly drafted by counsel for all parties.

The Court's Civil Case Discovery Plan and Scheduling Order dated February 15, 2024, required the parties to exchange Initial Disclosures by February 29, 2024. Plaintiff timely served his disclosures.

Defendants served their Initial Disclosures on Monday, March 4, 2024, identifying an applicable insurance policy as required by FRCP Rule 26(a)(1)(A)(iv). Defendants served their disclosures two business days late because, even though they were aware of an insurance policy, neither Defendants nor their counsel had the policy of insurance or the policy number and were seeking to obtain it, which they did. The same day, Plaintiff requested a copy of the insurance policy for inspection, and Defendants responded that they will not provide a copy of the insurance policy unless ordered to do so by the Court. Counsel exchanged several emails on March 4, 2024, attempting to resolve this dispute and were unable to come to a resolution. The attorneys involved in the email exchanges were Jennifer S. Echevarria and Alexandra Robins.

# Echevarria Law, PLLC

P.O. Box 1053
Warwick, New York 10990

Jennifer S. Echevarria, Esq.*　　Jennifer@EchevarriaLawPLLC.com　　(845) 544-7644
*Admitted in NY, NJ, CT

Plaintiff's position is that having a copy of the insurance policy would assist the parties in having a productive mediation, which is currently scheduled for March 13, 2024, and that in any event he was entitled to a copy of the policy (not just the right to know that a policy exists) under FRCP Rule 26(a)(1)(A)(iv) whether it would assist in mediation or not.

Defendants request that they be allowed to withhold the policy until and unless the upcoming mediation fails. Defendants disagree with Plaintiff that the policy would assist the parties in having a productive mediation, and fear it will actually have the opposite effect. The various issues regarding the applicability of insurance coverage, which are between Defendants and their carrier, has no bearing on the merits of Plaintiff's claims under the FLSA and NYLL. Moreover, Defendants are not claiming an inability to pay, and the carrier is not a party to the mediation, so the policy of insurance has no bearing on the mediation. Defendants maintain that it is unfair to Defendants for Plaintiff to consider what Plaintiff believes the policy says or covers in the decision to settle or not.

Respectfully submitted,

Jennifer S. Echevarria

Cc:　Alexandra Robins, Esq. (via ECF)